THE STATE OF OHIO, APPELLANT, *v.* ZEH, ET AL., APPELLEES.

(No. C-810805—Decided September 1, 1982.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Leonard Kirchner, Mr. R. Thomas Moorhead* and *Mr. Kerry Beringhaus,* for appellant.

*Mr. Allen Brown, Mr. James Feldman, Mr. Michael O'Connor* and *Mr. Herbert Freeman,* for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

On February 17, 1981, defendants-appellees, John Zeh and Stepchild Radio of Cincinnati, Inc., were indicted on four counts of disseminating materials harmful to juveniles, in violation of R.C. 2907.31. On August 25, 1981 the lower court granted defendants' motion to require the state to elect a single count on which to proceed and in the same entry, granted defendants' motion to dismiss the indictment for failure to state a cause of action. The state timely appeals this judgment.

Each count of the indictment contains

the following averment: on or about January 3, 1981, defendants recklessly presented a radio performance, "Gaydreams," knowing that it contained obscene material "A Guide for Greasy Fingers," to an unmarried person under the age of eighteen. The identity of the alleged recipient differs in each count. Each count is presented to have taken place in Hamilton County, Ohio.

At defendants' request, the state subsequently provided them with a bill of particulars. The body of this bill is as follows:

"This Bill of Particulars incorporates the allegations and information contained in the indictment, and supplements the indictment with the following:

### "COUNT ONE

"Defendant Stepchild Radio of Cincinnati, Inc. was the owner and/or operator of radio station WAIF on or about January 3, 1981, which station had radio broadcast capabilities in Hamilton County, Ohio. On January 3, 1981, said defendant was operating WAIF and broadcasting in Hamilton County. On that date, said defendant permitted John Zeh to broadcast a radio program, 'Gaydreams,' knowing that the program contained obscene material, to wit: 'A Guide for Greasy Fingers.'

"Defendant John Zeh did in fact broadcast the 'Gaydreams' program on WAIF radio on January 3, 1981, knowing that the program contained obscene material, to wit: 'A Guide for Greasy Fingers.'

### "COUNTS TWO, THREE AND FOUR

"The nature of the offenses charged and the conduct of the respective defendants is the same as outlined above."

Defendants subsequently filed various motions which were simultaneously disposed of in an entry filed September 14, 1981, *nunc pro tunc* to August 25, 1981. It is from this entry that the instant appeal is brought. Specifically, the state objects to the requirement that it must elect one of the four counts upon which to proceed and to the dismissal of the indictment. The lower court's rationale, set forth in a written opinion, was incorporated in the judgment entry; relevant portions of this will be discussed below.

The state brings three assignments of error on this appeal. We will address these assignments, not in the order they appear in the state's brief, but in what we feel may be a more orderly fashion.

The first assignment of error is as follows:

"The trial court erred in ruling on the motion to dismiss where said ruling was dependent upon evidence and no evidence was either presented or stipulated."

We note at the outset that this assignment of error does not attack the lower court's ultimate decision on the merits of the motion; that is the gravamen of the third assignment of error. Rather, this assignment questions the ability of the court below to make *any* ruling on the motion on the state of the record as it then existed. We have examined the record and find that the court below had an adequate foundation before it from which it could determine that the objection based on defects in the indictment was capable of determination without a trial of the general issue. Crim. R. 12 (B)(2). This assignment of error is overruled.[1]

The third assignment of error is as follows:

"The trial court erred in granting the motion to dismiss the indictment."

---

[1] An additional question was raised in connection with the first and the third assignments of error, namely, the duration of certain stipulations entered into during the argument on the motion to dismiss the indictment on constitutional grounds. We do not find the resolution of this issue to be relevant to our disposition of this appeal and, therefore, decline to rule on it.

The state contends that in light of relevant case law and statutory construction, the indictment and bill of particulars stated a cause of action under R.C. 2907.31. We do not agree.

R.C. 2907.31 (A), which defendants were charged with violating, provides:

"No person, with knowledge of its character, shall recklessly furnish or present to a juvenile any material or performance which is obscene or harmful to juveniles."

This court has held that "present to a juvenile" means a direct presentation to a specific juvenile or group of juveniles as opposed to a presentation to the general public. *State* v. *Loshin* (May 14, 1980), Hamilton App. No. C-790430, unreported [reported at 19 O.O.3d 141]. The court below relied on *Loshin* in dismissing the indictment, holding that the instant defendants were obviously charged with disseminating the material in question in the course of making a presentation to the general public. The central issue in this assignment of error thus becomes: Could the court below have properly taken judicial notice of the fact that a broadcast over WAIF is a presentation to the general public?

A court may take judicial notice of an adjudicative fact, whether requested or not, at any stage of the proceedings. Evid. R. 201. The court below, in ruling on the motion to dismiss as it did, may be said to have taken judicial notice of the general public nature of the WAIF broadcast in question but not of the content of the broadcast. We cannot say that this was an abuse of discretion on the facts presented herein. Our decision in *Loshin* mandates that we overrule this assignment of error.

The second assignment of error is as follows:

"The trial court erred in requiring the prosecutor to elect to proceed on a single count and to dismiss the other three counts of the indictment."

This portion of the entry appealed from speaks only to the election, not to a dismissal of the other three counts. The state has no right of direct appeal from such a ruling; it may pursue an appeal on that issue only by leave of the appellate forum. R.C. 2945.67. The state has previously sought leave to do so in the cause *sub judice.* We denied this request. The state may not now obtain *de facto* leave to appeal through the device of assigning this granting of the motion to compel election as error. This assignment of error is overruled.

The judgment is affirmed.

*Judgment affirmed.*

PALMER, P.J., DOAN and KLUSMEIER, JJ., concur.